### RIGGS *v.* COMMERCIAL MUT. INS. CO.

*(Superior Court of New York City, General Term.* May 6, 1889.)

INSURANCE—INSURABLE INTEREST—STOCKHOLDERS.
    A stockholder in a steam-ship company has an insurable interest in its steamers.

On reargument.

Action by John S. Riggs against the Commercial Mutual Insurance Company. The defendant issued to Joseph L. Tobias a policy of insurance upon the steamer Falcon for the sum of $1,000, loss payable to one Andrew Simonds. Tobias was, at the time of effecting this insurance, a stockholder in the Merchants' Steam-Ship Company, which then owned the steamers Sea-Gull and Falcon. Simonds, by an indorsement on the policy, directed the insurance company to "pay to John S. Riggs." This cause was tried at special term, and judgment rendered in favor of plaintiff; which judgment was reversed on appeal to the general term and a new trial ordered. 51 N. Y. Super. Ct. 466. At the same

time a judgment in a similar action rendered at special term, in favor of the Merchants' Steam-Ship Company against this defendant, was affirmed at general term, (Id. 444,) and the defendant appealed to the court of appeals. The parties to this action thereupon entered into a stipulation which provided, among other things, as follows: The plaintiff in this case being about to appeal to the court of appeals, it was considered by both parties that if the judgment in the steam-ship company's case should be reversed on the ground that the vessel insured under the policy in this case and in that was not a total loss, both actions would necessarily fail; but if the decision of this court in the steam-ship company's case, holding that the vessel was a total loss, should be affirmed by the court of appeals, the plaintiff herein would then be entitled to recover, if J. L. Tobias had an insurable interest in the vessel; and it was thereupon agreed that the plaintiff herein should waive his right to appeal to the court of appeals, upon the consent of the defendant that, if the judgment of this court in the steam-ship company's case should be affirmed, then the question of J. L. Tobias' insurable interest in this case should be reargued at the general term, and that the decision of the general term on such reargument should be final so far as the plaintiff was concerned, but without prejudice to, any right in defendant to appeal therefrom. The court of appeals thereafter affirmed the decision of this court in the steam-ship company's case, (13 N. E. Rep. 939,) and this case comes on for reargument on the question of the insurable interest of J. L. Tobias.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

Oliver Drake Smith, for appellant. Burrill, Zabriskie & Burrill, (J. E. Burrill and George Zabriskie, of counsel,) for respondent.

DUGRO, J. The stipulation between the parties reads: "It was considered by both parties that if the decision of this [the superior] court in the steamship company's case, holding that the vessel was a total loss, should be affirmed by the court of appeals, the plaintiff herein would then be entitled to recover, if J. L. Tobias had an insurable interest in the vessel, and it was thereupon agreed that the question of J. L. Tobias' insurable interest in this case should be reargued at the general term, and that the decision of the general term on such reargument should be final, so far as the plaintiff was concerned. Whereupon it is agreed that this cause be reargued at general term on the question of J. L. Tobias' insurable interest," etc. The only question before this court is, did Tobias have an insurable interest? The decision of the general term on this question, by a fair interpretation of the stipulation, is to be decisive of the appeal. The defendant, in the statement on his brief, says: "Upon March 15, 1879, the appellant, the Commercial Mutual Insurance Company, issued to one Joseph L. Tobias a policy of insurance upon the steamer Falcon for the sum of $1,000. * * * Tobias was, at the time of effecting this insurance, a stockholder in the Merchants' Steam-Ship Company, which then owned the steamers Sea-Gull and Falcon." Accepting this as a correct statement of the facts, I think Tobias had an insurable interest in the vessel; for he had such an interest in it as that by its destruction he would suffer pecuniary loss. Seaman v. Insurance Co., 18 Fed. Rep. 250, 21 Fed. Rep. 778. An insurable interest may exist without any estate or interest in the corpus of the thing insured. Springfield Co. v. Allen, 43 N. Y. 389, 395, 396. The question is one of damages rather than title or possession, it will be enough if such a relation exists between the assured and the property that injury to it will, in natural consequence, be loss to him, and it is not necessary to show that the insured is the legal or equitable owner. Rohrbach v. Insurance Co., 62 N. Y. 47. That the policy runs to the plaintiff, and by its terms insures his interest in the vessel, (he being neither legally nor equitably the owner of the vessel,) does not prejudice the plaintiff's claim. There is no doubt what property the plaintiff and

defendant meant to insure, or that it was that which was destroyed.  *Rohrbach* v. *Insurance Co., supra,* page 60.  The judgment of the special term should be affirmed.  All concur.